IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-150-FL

| | |
|---|---|
| BRENTON WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LVNV FUNDING LLC, d/b/a ) | |
| RESURGENT CAPITAL SERVICES LP, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court upon plaintiff's motion to strike defendant's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f) (DE 14). The motion has been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, the motion is denied.

## STATEMENT OF THE CASE

Plaintiff began this debt collection practices suit March 6, 2024. Plaintiff asserts a single claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and seeks actual and statutory damages plus attorney's fees. Defendant filed an answer including the following eight affirmative defenses: 1) failure to state a claim; 2) statute of limitations; 3) failure to mitigate damages; 4) that plaintiff's damages were caused by his own acts or omissions; 5) that any damages were caused by third parties over whom defendant had no control; 6) that plaintiff's damages were unforeseeable; 7) bona fide error under the pertinent statute; and 8) reserving the right to assert other defenses revealed through discovery. (Answer (DE 12) 4–5).

Plaintiff filed the instant motion April 18, 2024, seeking to strike all of the affirmative defenses except for the seventh defense noted above, on the basis that they are conclusory. (See Mot. Strike (DE 14) 2–3).

Pursuant to the court's case management order, entered July 10, 2024, the discovery deadline is December 6, 2024, and the dispositive motions deadline is January 8, 2025.

## STATEMENT OF FACTS

The facts alleged in the complaint are as follows. Plaintiff resides in Raleigh, North Carolina. (Compl. (DE 2) ¶ 3).[1] Defendant is a South Carolina corporation with a registered agent in Raleigh. (Id. ¶¶ 4–5). Defendant collects debts from consumers on the behalf of others. (Id. ¶ 6).

On January 2, 2024, plaintiff mailed defendant a dispute letter contesting a debt owed to First Access Bank of Missouri. (Id. ¶ 9). Plaintiff stated in such letter that defendant should contact him only via email. (Id. ¶ 12). Despite this instruction, defendant sent him a letter in response to the dispute letter. (Id. ¶ 13).

## COURT'S DISCUSSION

A.  Standard of Review

Rule 12(f) states that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). However, motions to strike are "generally viewed with disfavor because striking a portion of a pleading is a drastic remedy." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001).

---

[1]  Plaintiff filed the same identical complaint twice on the case's electronic docket. All references to the complaint in this order refer to the latter copy at docket entry (DE) 2.

B.   Analysis

Plaintiff's sole argument is that the pleading standards enunciated in Ashcroft v. Iqbal, 556 U.S. 662 (2009) apply to affirmative defenses.  (See Pl's Br. (DE 15) 3–5).  Plaintiff fails to cite any binding authority for this proposition, and the court's research has revealed none.  Cf. United States v. Ancient Coin Collectors Guild, 899 F.3d 295, 325 (4th Cir. 2018) (affirming striking of affirmative defenses based on claims party had already lost, but not addressing applicability of Iqbal).

Instead, plaintiff relies on mostly unpublished district court opinions from other circuits, especially the Fifth, Sixth, and Tenth.  See Joe Hand Promotions, Inc. v. Izalco, Inc., No. H-16-3696, 2017 WL 3130581, at *1–3 (S.D. Tex. July 24, 2017); Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 651 (D. Kan. 2009); Burgett v. Capital West Securities, Inc., No. CIV-09-1015, 2009 WL 4807619 (W.D. Okla. Dec. 8, 2009); United States v. Quadrini, No. 2:07-cv-13227, 2007 WL 4303213, at *4 (E.D. Mich. Dec. 6, 2007).  But see Hemlock Semiconductor Ops., LLC v. SolarWorld Indus. Sachsen GmbH, 867 F.3d 692, 697 (6th Cir. 2017) (noting that motions to strike "are viewed with disfavor" and are properly granted "when plaintiffs would succeed despite any state of the facts which could be proved in support of the defense" (emphasis added)); United States v. Coney, 689 F.3d 365, 379 (5th Cir. 2012) ("motions to strike [an affirmative defense] should be granted only when the pleading to be stricken has no possible relation to the controversy"); Wells v. Hi Country Auto Grp., 982 F. Supp. 2d 1261, 1264 (D.N.M. 2013) ("the [Iqbal] pleading standard does not apply to affirmative defenses"); Falley v. Friends Univ., 787 F. Supp. 2d 1255, 1258–59 (D. Kan. 2011) (similar).

In the absence of controlling authority on this particular issue, this court has repeatedly rejected plaintiff's position.  See, e.g., Liles v. Wyman, No. 7:18-cv-210-FL, 2019 WL 5677930,

at *3 (E.D.N.C. Oct. 31, 2019) (collecting several cases from this district). The court declines to depart from the holdings of these numerous cases.

Having rejected plaintiff's position, a final point is in order. In its brief, defendant points to several filings from plaintiffs in similar cases identical to the instant motion here, and suggests that plaintiff obtained it from an outside party, who wrote it as a form motion to help parties vexatiously increase litigation costs. (See Def's Br. (DE 17) 1 n.1); see also Waste Mgmt. Holdings, Inc., 252 F.3d at 347 (noting "motions [to strike] are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic"). The court has reviewed these other dockets and filings, and they are indeed identical in all material respects to the instant motion, including their reliance on the cases noted above in courts outside the Fifth, Sixth, and Tenth Circuits, identical headings, and other telltale similarities. At this point, the court merely notes these similarities and takes no other action, given the limited record and that defendant requests only the denial of the motion. But the court will view future similar maneuvers, which suggest an improper filing motive, with skepticism, and may order the filing party to show cause why they should not be sanctioned under Rule 11.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to strike (DE 14) is DENIED.

SO ORDERED, this the 18th day of July, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge